Good morning and welcome to the Ninth Circuit. I'm Judge Nelson and it's a pleasure to be with my colleagues Judges Fletcher and Judge Collins. We'd like to welcome all counsel this morning. We're grateful for the court staff who makes these arguments so readily available. We ask that during arguments you please watch your time, keep to the allotted time frames, and try to sum up as as your your time's concluding. Let us know if you want to reserve time for rebuttal as well. We're ready to proceed with our oral argument calendar. We have five cases scheduled for argument today. The first one is Singh v. Garland and that's set for 10 minutes. Good morning, Your Honors. My name is Nicholas Markey and I represent Harbhaan Singh who's currently detained by ICE. Your Honor, this is a appeal from the BIA or a petition for review from the BIA after an immigration judge denied Mr. Singh's applications for asylum, withholding of removal, and a cap. In this case, Your Honor, this case was initially filed with USCIS and they referred it to the immigration judge. While the matter was proceeding, Mr. Singh was indicted on brought by USCIS and ICE. In the course of the hearing, Your Honor, Mr. Singh testified that he was concerned for his safety and his life in being returned to India as a member of the Man Party and participating in one of the demonstrations for Khalistan. Well, but the main excuse me, counsel, the main issue for asylum and withholding of removal is whether or not the agency properly found that he committed a serious non-political crime because if that holding is correct, then nothing else matters other than the the cat issue has to be dealt with separately. Is that correct? That is correct, Your Honor. Okay, why don't you address the serious non-political offense since child molestation seems to be a serious non-political offense by any I would concur with that, Your Honor. It is our position that given the government judges reliance on affidavit from agent Shannon that the finding was him. Well, the statements in the affidavit would have been unsupported given the way that the affidavit was written. But what facts are needed from the affidavit? I mean, the affidavit describes the offenses of conviction in the United Kingdom, and those description of the offenses seems to cover all that's needed for a serious non-political offense. Well, it would be our position, Your Honor, that the facts that were needed were more of the reports that were relied on by the age. Now, I can't, regardless of those facts, he was found guilty in abstention in England. Why isn't that enough? Why isn't that just the beginning and the end? I mean, there seems like a lot more to it than that. But why isn't that that sort of the beginning and the end from the analysis here, that he was found guilty in abstention? And I would submit the court is correct. The inabstention finding is our position was that he was not aware of that finding when he found that he applied for his. Well, but that I mean, OK, so that goes to your argument that maybe there shouldn't have been an against him because he didn't intentionally lie. But that the fact of the matter is, there's no dispute that he was found guilty in abstention. There's really no dispute that he had at least some other charges against him in one way or another. Um, you know how far that went, I suppose you you would take issue with. But I don't understand why that's just not enough to end this case. It would end this case, your honor, on the asylum application and the withholding case doesn't go away because he has cat and deferral removal. I would concede, your honors, that given the case law, an in absentia order, uh, conviction would be sufficient. However, here we maintain that the judge in utilizing the affidavit of agent Shannon that tainted the finding of the conviction. Now it is correct. One of the major issues in this case was the credibility of Mr Singh. As the court is aware, the I. J. Determined that he was not credible based number one on how he responded to the questions about the wasn't just that he changed his story. He he misstated his convictions before to multiple I. N. S. Uh, agent, not agencies, but at multiple levels in the I. N. A. In the immigration process, I don't I mean, are you really? What's your best position for why there's no substantial evidence here? Uh, that that the could support an adverse credibility finding? Well, it would be our position on the if the judge relied on the inconsistencies of the statements of my client, then that would be substantial evidence. But the judge did not. In his findings, he found that his client's response on the application as well as his response to the judge at the time of the hearing were sufficient to find him not credible. And we're saying that by and he relied extensively on that affidavit from the agent. And that affidavit is only a two page affidavit where the agent also says that he reviewed the videotape, but that wasn't submitted. And it is our position that they should have given more than they did in the investigation of the arrest and conviction. He did check off on his 589 and the judge noted that that he had been arrested. The question was, had he been convicted by the time he arrived in the United States? He hadn't. He was unaware that conviction had occurred. So it would be our position on that by and the fact that my client would not admit the actions that occurred in England or UK, that denied him of a fundamentally fair hearing. You know, as I read the decision by the BIA, it leads its adverse credibility discussion, not with the conviction, but rather with his testimony in front of the BIA that he claims he received as a result of being a member of the man party. It strikes me that the BIA is looking at evidence that amply supports. I mean, he's a low, even according to his own testimony, he's a low level member of the man party. And then he gets repeatedly beaten according to his testimony, which is really quite inconsistent with what we know about the treatment of low level members of that party. How do you respond to that? This is quite a side. This is quite a side from any issue with respect to the convictions. I think that he, he testified and provided evidence that he was a member of the man party. And well, even though a low member of the man party, that was sufficient. His testimony, while it was sufficient, it was, it was sufficient if he was telling the truth, but the IJ and the BIA don't believe him. They say that testimony is not credible. That's correct. He was found not credible by the IJ, but the IJ also relied on the fact that it was implausible for the period of time that he was in the hospital for five days. But again, the IJ merely concludes that whether he was there for five days or less, the IJ said for bruising and So we maintain that he was credible. I understand that he did make inconsistent statements, but those inconsistencies didn't extend to such as the need for a non credible finding by the IJ. Now, I'm not sure that this is properly before us. If we were to assume that he's credible, maybe we have to remand to see whether there's a cat violation. On the other hand, assuming that he's credible, I don't see that the treatment to which he was subjected rises to the level of torture. Do you? I would suggest that it does, Your Honor, because the level of torture is one that cannot be quantified. What is torture? He testified that he was beaten. He testified that he was beaten by the officers. He testified that he was beaten because of his participation in the man. The officers are part of the government. He provided additional information through his motion to reopen that the officers are still looking for him. I would submit that he does qualify for cat and that that was torture. Okay. Okay. Do you want to reserve for rebuttal? No, you're not. Oh, okay. We'll hear from the government. Thank you, Your Honor. Can you hear me? Yes. Thank you. My name. May it please the court. I'm Christina Greer on behalf of the U. S. Attorney General. Your Honors, I would like to begin by addressing a couple of questions that the panel asked Mr Marci. So the first would be about the serious non political crime finding. Uh, council asserts that the facts that were needed to establish that this crime happened where the reports underlying Agent Shannon's report or his affidavit. But, um, there was also a U. K. Conviction document that includes the charges as well as the fact of conviction for those charges, which were for one count of, uh, sexual assault on a woman and two counts of sexual assault on a woman under the age of 13. And the government asserts that that conviction document on its own is sufficient. That's the record page 805 of the second record. So that's in the record for the motion to reopen case that would be sufficient without Agent Shannon's report. But the government also notes that council did not or Mr Singh did not, uh, challenge or object to the admission of Agent Shannon's report, but rather said that the challenge went more to the weight that should be given to the report. And on page 1 76, he said more in the nature, not exclusively in the nature. So he was kind of reacting to the judges ruling on the government's prior evidentiary objection. And so he was technically preserving it, but he was reading the room and and kind of also making a weight versus admissibility argument. But that's not a forfeiture of the objection. Not necessarily. But the basis of the objection is unclear. So he said that he objected to the documents that it goes more to the weight, but didn't say why there was an objection. So, for example, that DHS should have presented Agent Shannon himself and had him testify or submit the reports that Agent Shannon relied upon. And so the immigration judge was not on notice. What would what more was Mr Singh looking for in that circumstance? Almost seemed like a sort of best evidence objection that he, you know, the agent's declaration was summarizing documents, and he would rather have had the documents. There's no point at which she asked for a cross examination of the agent. It seemed to want the documents. And so that the question, I guess, would be whether that it violates due process not to give them the documents rather than a summary of the documents. Yeah, that could be the challenge, Your Honor. Before the agency, Mr Singh did not raise any sort of due process challenge of that nature, and so that has been waived. In his reply, he states that constitutional challenges cannot be waived or don't need to be exhausted because the agency doesn't address them anyway. But the agency does address constitutional challenges that can be resolved by the agency. And that's Ninth Circuit case law holds that where there's a lead allegation of a due process violation that the agency itself can cure that that does need to be exhausted before the agency. And regardless, we do have the conviction document, which is sufficient to establish probable cause that there is reason to believe that Mr Singh committed a serious nonpolitical crime. So even ignoring Agent Shannon's report, the document itself is sufficient. There's significant case law regarding whether or not red notices themselves are enough. But here we're not talking about a red notice. We're talking about an actual conviction document showing that Mr Singh was convicted of this crime. And on the other hand, what we have in opposition to that is Mr Singh's statement that he did not commit these and that is not enough to rebut the clear evidence that he was convicted of sexual assault on two young women in the United Kingdom. Moving to can I ask one more thing about the adverse credibility finding? Because I heard Singh's lawyers say that the IJ or the BIA didn't rely on the fault statements made to immigration authorities. Do you agree with that? No, Your Honor, that's actually exactly where I was moving to next. So my second point was going to be on adverse credibility. The immigration judge found Mr Singh not credible for six on six different grounds, and the board upheld that finding on all six grounds. And those include that the testimony regarding how he arrived at the hospital was inconsistent because in the course of his testimony, he provided that's in the course of his testimony on record pages 252 to 253 that he presented three, if not four different orders of operations for how he made it to the hospital, whether he went to whether other people found him and took him directly to the hospital, whether they took him to his father's house and then to the hospital or whether his father met him at the hospital. And those were also inconsistent with the other statements that he submitted from his father and also in his own declaration. So the immigration judge did rely on that finding of inconsistency. The immigration judge also found that there were inconsistencies regarding the dates of the medical documents that he submitted. This is on page 179 of the immigration judge's opinion. There are two medical letters. The first one that was submitted is dated January 19th, 2014, but he claims that he did not ask his brother to go get that letter until many years later when he was before the immigration court. That letter is on page 742. But then his letter and where he testified about when his brother got that letter that was on pages 270 through 71 of the record. So those are just two. There's also the implausibility finding regarding his testimony being implausible regarding whether he was in the hospital for five days and also whether his testimony was implausible regarding the level of suit by the government for someone who is a low-level offender or a low-level party member. And so all those four, in addition to the false statements regarding the arrests in the United Kingdom and the false or misleading statements regarding whether he committed the offenses, all six of those together, the immigration judge relied upon. And the Board of Judges, to Judge Fletcher's question, if we weren't to agree with the adverse credibility finding for some reason, what is the argument for why the Catt claim would still fail? I believe in our answering brief, we stated that if the court did not agree with the credibility finding, then the case should be remanded. Now, there may be a way that the court could still find that the somewhat alternative finding that the immigration judge made, that even if we, basically, even if we assume that he's a low-level man party member, that the country conditions evidence don't support his claim, but there's a discernible path. But the government did not argue that that's how the court should rule. I believe in a footnote, we said that if the credibility determination is reversed, then remand would be appropriate. And, Your Honor, I want to clarify one other issue, which is that counsel stated that the question here was whether he was convicted when it comes to these false statements, that he didn't necessarily know that he had been convicted. And so, I think the argument was that any statement saying no to any of the questions he was asked weren't false, because he did not know he had been convicted. But on the visa form that he submitted a week after his arrest, and then also the initial asylum application, as well as during the asylum interview, he said no to questions asking whether he had ever been arrested in any other country. And that is what he was charged with, and he has since been released last year. And I don't know if the court wants to hear any argument about the motion to reopen on materiality. I see that I have short time. I mean, I guess the one question I'd have is if we uphold the adverse credibility finding, doesn't that also address the motion to reopen or not? We believe it does, because the additional evidence that he submitted is not independent of the evidence that he'd previously submitted, and that the immigration judge's finding that his prior false statements... He didn't challenge that in the motion to reopen, right? He didn't challenge the adverse credibility finding. He did not. He did not challenge that finding. And he also did not submit anything showing that these documents can be relied upon. And that was one of the specific findings of the immigration judge, that the documents previously submitted could not be relied upon because of his prior false statements. So if there are no further questions. Thank you. Thank you, Your Honors. And I'd heard you say you didn't want rebuttal. Is that still the case? Okay, the case is now submitted. We thank both counsel for your arguments.
judges: FLETCHER, NELSON, COLLINS